United States District Court
Southern District of Texas

**ENTERED**

August 15, 2024

Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **DUY DIHN DO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO. 4:24-cv-1358** |
| **VS.** | § | |
| | § | |
| **COMCAST CORPORATION** *et al*, | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM & ORDER

Before the Court is Defendant's Partial Motion to Dismiss and Partial Motion for a More Definite Statement. ECF No. 10. Defendant's Motion asks the Court to (1) dismiss Count I of Plaintiff's First Amended Complaint[1] and (2) order Plaintiff to provide a more definite statement as to Count III, or, in the alternative, dismiss Plaintiff's "suppression of rights" Family and Medical Leave Act ("FMLA") claim. For the reasons that follow, Defendant's Motion is **GRANTED IN PART**.

---

[1] Plaintiff filed a Motion to Amend his Complaint on April 25, 2024. ECF No. 5. Federal Rule of Civil Procedure 15(a) governs pre-trial amendments to pleadings. It provides that a party may amend its pleading once as a matter of course within 21 days after service or, if the pleading is one to which a responsive pleading is required, 21 days after service of the responsive pleading or 21 days after service of a Rule 12(b), (e), or (f) motion, whichever is earlier. FED. R. CIV. P. 15(a)(1). Plaintiff filed his Amended Complaint within Rule 15's deadlines and therefore did not require leave of the Court to do so. But, for the avoidance of doubt, the Court grants Plaintiff's Motion (ECF No. 5).

1

## I.      BACKGROUND[2]

Plaintiff Duy Dihn Do alleges that he was employed by Defendant Comcast Cable

Communications Management, LLC ("Comcast") from about 2012 until his termination in 2023.

ECF No. 5-1 at ¶ 14. On or about February 23, 2022, Vince Margiotta, Defendant's Vice

President of Business Services, allegedly stated to twenty to thirty of Comcast's Managers and

Directors that leaves of absence presented challenges to the company, and that the company

"must prevent people from going on [leave of absence]." *Id.* at ¶ 28. Next, Plaintiff alleges that

several months later, after Jessica Edge—one of Plaintiff's direct reports—took a leave of

absence, Margiotta told Plaintiff, "people that take this much amount of time for [leave of

absence] typically do not return . . . it's a problem and we need to fix it." *Id.* at ¶ 29. Then, when

Edge returned to work, Human Resources personnel allegedly directed Plaintiff to reduce her

work assignments. *Id.* at ¶ 30. The Director of Human Resources allegedly told Plaintiff that

Edge had "been out a long time" and "is lucky to have a job to return to . . . we want to hold her

accountable." *Id.* at ¶ 31. Subsequently, Plaintiff alleges that the Director expressed to Plaintiff

that Comcast would not offer Edge a higher salary because they did not want to "reward

disruptive employees." *Id.* at ¶¶ 33. Edge filed an EEOC charge, and, around that same time,

Comcast allegedly withheld a bonus that Plaintiff had earned the previous quarter, explaining

that they were "doing [their] due diligence." *Id.* at ¶ 82.

Once the EEOC closed Edge's investigation and concluded that Plaintiff had not acted

wrongfully, Margiotta allegedly told Plaintiff that Edge was a "disruptive employee" due to "her

long [leave of absence]" and that he would like "to fire her" but that they had to "pull through

[2] The Court details only the factual allegations relevant to Plaintiff's FMLA claims. Because, Plaintiff does not
object to dismissal of Count I, and Defendant does not move to dismiss Count II, this dispute does not concern
Plaintiff's non-FMLA claims.

this for now." *Id.* at ¶ 32, 34, 83–84. Throughout December 2022 and January 2023, Comcast allegedly continued to express that leaves of absence presented significant challenges to the company. *Id.* at ¶¶ 35–37.

Plaintiff next alleges that on or about January 27, 2023, he was terminated while taking a leave of absence for mental health issues related to the various issues and investigations surrounding Edge's employment. *Id.* at ¶¶ 37, 85. Comcast's stated reason for his termination was allegedly that his "performance as a leader ha[d] not met with Comcast's expectations." *Id.* at ¶ 89.

Based on the foregoing allegations, Plaintiff brings a claim under the FMLA for "suppression of FMLA rights regarding leave of absence and retaliation for exercising those rights." *Id.* at 20. Defendant filed a Motion for a More Definite Statement, asking the Court to require Plaintiff to replead his FMLA claim. ECF No. 10.

## II.    LEGAL STANDARD

### A.  Rule 12(b)(6)

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and rarely granted. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Lowrey v. Texas*

*A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). The Court must limit its review "to the contents of the pleadings." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000).

A complainant must plead "enough facts to state a claim of relief that is plausible on its face." *Twombly*, 550 U.S. at 570. This must be more than "[a]n unadorned, the-defendant-unlawfully-harmed-me accusation" or "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, a claim is plausible on its face only "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. While the court must accept well-pleaded facts as true, legal conclusions are not entitled to the same assumption of truth. *Id.*

**B.  Rule 12(e)**

Rule 12(e) permits a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). This standard "is plainly designed to strike at unintelligibility rather than a lack of detail." *Atain Specialty Ins. Co. v. Nat'l Ambulance Co., LLC*, No. 16-CV-2281, 2017 WL 6334186, at *2 (S.D. Tex. Mar. 14, 2017) (quoting *Thurmond v. Compaq Computer Corp.*, No. 99-CV-711, 2000 WL 33795082, at *2 (E.D. Tex. Feb. 28, 2000)). A party may use a more definite statement motion "as a mechanism to enforce the minimum requirements of notice pleading." *McCollim v. Allied Custom Homes, Inc.*, No. 08-CV-3754, 2009 WL 1098459, at *2 (S.D. Tex. Apr. 23, 2009).

Given this liberal pleading standard, motions for more definite statements are generally disfavored and are granted "only when the complaint is so unintelligible that the court cannot

make out one or more potentially viable legal theories, and is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to itself." *McClain v. United Airlines*, No. CV H-24-0050, 2024 WL 420907, at *1 (S.D. Tex. Feb. 5, 2024) (quoting *Arnold v. BNSF Ry. Co.*, No. 18-CV-1931, 2019 WL 1493160, *2 (N.D. Tex. Apr. 4, 2019)).

### III.   ANALYSIS

#### A.  Count I

Plaintiff raises no objection to dismissal of Count I. ECF No. 12 at 1. Even if he had, his sex discrimination claim could not proceed, as it is plain from the record that Plaintiff failed to exhaust his administrative remedies. *See* ECF Nos. 10-1, 10-2 (Do's discrimination charge, alleging race discrimination, not sex discrimination); *Davis v. Fort Bend Cnty.*, 893 F.3d 300, 303 (5th Cir. 2018) (explaining Title VII exhaustion requirement), *aff'd sub nom. Fort Bend Cnty., Texas v. Davis*, 587 U.S. 541, 139 S. Ct. 1843, 204 L. Ed. 2d 116 (2019). Therefore, Count I is dismissed with prejudice.

#### B.  Count III

Count III of Plaintiff's First Amended Complaint alleges that Defendant (1) "suppressed and discouraged" Plaintiff from exercising his FMLA rights and (2) that Defendant "retaliated against Plaintiff" by terminating him for exercising his FMLA rights. ECF No. 5-1 at ¶ 109–10. Defendant argues that the Court should require that Plaintiff replead this first "suppression" claim because (1) a "suppression of rights" claim is not a recognized cause of action under the FMLA and (2) Plaintiff's "suppression of rights" claim cannot be understood as an interference claim, because Plaintiff has not established a factual basis for an interference claim. In the

alternative, if the Court construes Plaintiff's "suppression" claim as an interference claim, Defendant asks the Court to dismiss it pursuant to Rule 12(b)(6).

There are two types of cognizable claims under section 2612(a) of the FMLA: an "interference" claim and a "retaliation" claim. *Bryant v. Texas Dep't of Aging & Disability Servs.*, 781 F.3d 764, 768 (5th Cir. 2015) (citing 29 U.S.C. § 2612(a)). Interference claims are sometimes referred to as "prescriptive" claims, and are appropriate where an employer has "interfere[d] with, restrain[ed], or den[ied] the exercise of or the attempt to exercise, any right provided under this subchapter." *Id.* (citing 29 U.S.C. § 2615(a)(1)). Retaliation claims are sometimes referred to as "proscriptive" claims, and are properly asserted where an employer has "discharge[d] or in any other manner discriminate[d] against any individual for opposing any practice made unlawful by this subchapter." *Id.* (citing 29 U.S.C. § 2615(a)(2)).

While Plaintiff labels his first FMLA claim as "suppression of rights," it is plainly an interference claim, as it alleges that Defendant interfered with his exercise of FMLA rights. *See* ECF No. 5-1 at ¶¶ 104–109. Failure to use the term "interference" does not render his claim "unintelligible" such that it must be repled under Rule 12(e). *See McClain*, 2024 WL 420907, at *2–*3. Judges in this circuit and others have remarked that it is the substance of an FMLA claim—rather than the label affixed to it—that matters to a court's analysis. *Cuellar v. Keppel Amfels, L.L.C.*, 731 F.3d 342, 349 (5th Cir. 2013) (Elrod, J., concurring) ("More important than the labels that we have used is the substantive analysis that we have applied in evaluating a plaintiff's FMLA claims."); *Mellen v. Trustees of Bos. Univ.*, 504 F.3d 21, 26–27 (1st Cir. 2007) ("[W]hatever label a claim is given, what matters is 'whether the plaintiff is, at bottom, claiming that the employer denied his or her substantive rights under the FMLA or that the employer retaliated against him or her for having exercised or attempted to exercise those rights.'"

(quoting *Colburn v. Parker Hannifin/Nichols Portland Div.*, 429 F.3d 325, 332 (1st Cir. 2005))).
As such, the Court declines Defendant's invitation to order Plaintiff to replead his FMLA
"suppression" claim.

   In the alternative, Defendant argues that, to the extent that Plaintiff raises an interference
claim, it should be dismissed pursuant to Rule 12(b)(6). Specifically, Defendant argues that
dismissal is warranted because Plaintiff fails to allege "that he was prevented from taking a leave
of absence." ECF No. 10 at 8. "The Fifth Circuit has indicated that for FMLA interference
claims based on discouragement to be actionable, the plaintiff must not take leave or must take
less leave because of the discouragement." *Gomez v. Off. Ally, Inc.*, No. SA-18-CV-1101-XR,
2019 WL 2774367, at *5 (W.D. Tex. July 1, 2019), aff'd, 796 F. App'x 224 (5th Cir. 2020); *De
La Garza-Crooks v. AT&T*, 252 F.3d 436 (5th Cir. 2001) ("Assuming that discouragement from
use of FMLA leave is sufficient to state an FMLA injury, appellant has failed to present any
evidence that she refrained from taking FMLA leave to which she was entitled because of
actions by [defendant]."); *Eaton-Stephens v. Grapevine Colleyville Indep. Sch. Dist.*, 715 F.
App'x 351, 357 (5th Cir. 2017) (affirming district court's grant of summary judgment for
defendant on FMLA interference claim because plaintiff did not testify that she took less leave
because of defendant's actions).

   Here, Plaintiff has adequately alleged that Defendant discouraged him from taking
FMLA leave. However, he has not alleged that he took less leave because of Defendant's various
statements and actions. Therefore, at this stage, Defendant is correct that Plaintiff has not
plausibly stated an interference claim. But the Court is not convinced that amendment is futile.
Accordingly, the Court grants Plaintiff leave to amend his FMLA interference claim.

IV.     CONCLUSION

For the forgoing reasons, Defendant's Motion (ECF No. 10) is **GRANTED IN PART**.

The Court **GRANTS IN PART** Defendant's Partial Motion to Dismiss and **DENIES**

Defendant's Partial Motion for a More Definite Statement.

Plaintiff's Title VII sex discrimination claim is **DISMISSED WITH PREJUDICE**.

Plaintiff is **GRANTED LEAVE TO AMEND** his FMLA interference claim within two weeks

of the entry of this order.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 15th day of August, 2024.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE